

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RONALD RAE MCPHEE

    Plaintiff,

vs.     CASE NO.: 3:21cv858-MCR-HTC

SERGEANT D. BARLOW, et al.,

    Defendants.

_____/

## RESPONSE TO DEFENDANTS' "MOTION TO DISMISS"

Plaintiff, Ronald Rae McPhee, *pro se*, hereby responds to the Defendants' motion to dismiss pursuant to this Court's February 16, 2022, order directing him to do so. Plaintiff states the following:

### Preliminary Statement

This cause is before the Court upon Plaintiff's amended complaint filed pursuant to Title 42 U.S.C. § 1983, on July 15, 2021. This Court found that the complaint met prescreening requirements, and ordered the Defendants to file a responsive pleading. (See Doc. 16 at 3).

The Defendants have filed a motion to dismiss the amended complaint. (Doc. 30). They argue two main issues: (1) that Plaintiff failed to fully disclose his prior lititgation history (Doc. 30 at 3-7); and (2) that Plaintiff failed to exhaust a



single allegation in the complaint, to wit, "that he was thrown into the medical exam door by Defendant Barlow..." (Doc. 30 at 7).

The Defendants' motion should be denied, as a matter of fact and law, for the reasons set forth.

## I. Response to Defendant's "Statement of Material Facts"

Plaintiff accepts Defendants' 'Statement of Material Facts' to the extent that it is generally supported by the record. However, Plaintiff submitts the following correction(s):

1. The Defendants acknowledge that Plaintiff seeks a total of $350,000 in damages from Defendant Barlow. However, they omit the damages sought with respect to the other defendants. Specifically, in addition to the damages sought against Defendant Barlow, Plaintiff seeks $250,000 in compensatory damages "jointly and severally" against Defendant John Doe I, and $200,000 against Defendant John Doe II. (Doc. 5 at 7). Plaintiff also seeks punitive damages in the amount of $100,000 against Defendant John Doe I, and $50,000 against Defendants John Doe II and Nurse M. Williams, in addtition to Defendant Barlow.

II. **Response to Defendants' Claim That "Plaintiff Failed to Fully Disclose His Litigation History." (Doc. 30 at 3)**

The Defendants argue that the amended complaint should be dismissed without prejudice due to Plaintiff's alleged failure "to provide full disclosure of the required information regarding his prior litigation history." (Doc. 30 at 3). Specifically, the Defendants argue that Plaintiff failed to disclose a petition for writ of habeas corpus which was filed in the United States District Court, Middle District of Florida in case# 3:16-cv-01138[1]. (Id.) Defendants also argue that Plaintiff failed to disclose two cases in state court: (1) case# 2018 CA 117 in Santa Rosa County challenging his placement in close managment, and (2) case# 2016 CA 2245 in Leon County challenging prison disciplinary action.

The Defendants' motion should be denied for the following reasons:

A. **Section IV. of the Court's Standard Complaint Form ("Form") refers only to "PREVIOUS LAWSUITS", and more particularly "ALL PRIOR *CIVIL* CASES", as the form clearly states. (See Form, Section IV.)**

1. The petition for writ of habeas corpus filed in the Middle District Court in case# 3:16-cv-01138, is a pleading that does not relate to any "fact or manner" of Plaintiff's incarceration that is civil or tortious in nature. (See Form). In

---

[1] This petition was filed pursuant to Title 28 U.S.C. § 2254, challenging the constitutionality of Plaintiff's criminal judgment and sentence rendered by the state court.

3

fact, this was a collateral criminal proceeding. Thus, Plaintiff did not act in bad faith in omitting the petition for writ of habeas corpus, because he honestly did not believe that Section IV. of the Form referred to collateral criminal proceedings at all.

2. The Defendants acknowledge that the pleading filed in Santa Rosa County, FL Case# 2018 CA 2246 challenged Plaintiff's placement in close management. The Florida Supreme Court has held that challenges to placement in close management involves a liberty interest that implicates due process. See generally *Banks v. Jones*, 232 So. 3d 963 (Fla. 2017). Here too Plaintiff did not act in bad faith in omitting this pleading, because he had a good faith belief that Section IV of the Form did not refer to this type of pleading.

3. Finally, the pleading filed in Leon County, FL, case# 2016 CA 2246, was a petition for writ of mandamus that challenged the Department's[2] imposition of disciplinary action. Like the aforementioned cases, this too did not call into question any civil action in nature related to the conditions of confinement. As such, Plaintiff did not act in bad faith in omitting this

---

[2] Florida Department of Corrections.

pleading, because he did not believe it applied under the meaning of Section IV of the Form.

4. If this Court finds that Plaintiff misunderstands the intent of Section IV, Plaintiff implores the Court's pardon as he absolutely did not mean to mislead the Court. He honestly interpreted Section IV to encompase only those proceeding that are similar in legal context and in form to §1983 proceedings (i.e. "CIVIL" "LAWSUITS") (emphasis in original), as the form states.

5. Moreover, Plaintiff asserts that dismissal at this point would be too harsh of a sanction, even if done "without prejudice", because Plaintiff would be barred from re-filing due to the statutory periods expiring. See e.g. *Barron-Baca v. Shoemaker*, 118 Fed. Appx. 374, 376 (10th Cir. 2004) ("Barron-Baca filed his complaint on the day before the statute of limitations expired, even if the court dismissed his complaint without prejudice, Barron-Baca could not re-file his 1983 suit within the statutory period.").

6. Notably, applicable case law directs that an appropriate consideration in determining whether dismissal is an appropriate sanction for a 1983 plaintiff's lack of candor in reciting his litigation history is whether any attempt to refile the claim would be time-barred. *See, e.g., Schmidt v. Navarro*, 576 Fed.Appx. 897, 898-99 (11th Cir. Aug. 12, 2014) ("Where,

5

however, a dismissal without prejudice has the effect of precluding the plaintiff from refiling his complaint because the statute of limitations has run, it is tantamount to a dismissal with prejudice. ... Dismissal with prejudice is a drastic sanction to be used only where lesser sanctions are not appropriate.").

B. Plaintiff asserts that this Court could grant leave for him to amend the complaint to include the omitted pleadings, notwithstanding his argument that they dont fall within the meaning of Section IV of the form (should the Court agree).

C. Finally, considering that dismissal "without prejudice" would be tantamount to dismissal *with* prejudice in this case, dismissal is inappropriate here because there is no evidence that Plaintiff acted with wilful misconduct in not listing the prior pleadings at issue. See e.g. <u>Hines v. Thomas</u>, 604 Fed. Appx. 796, 800 (11th Cir. 2015) ("dismissals with prejudice generally are not appropriate unless the district court finds both that there is a clear record of delay or willful misconduct and that lesser sanctions are inadequate.")

Based on the foregoing, Plaintiff asserts that the Defendants' motion as to Claim One of their motion should be denied.

### III. Response to Defendants' Claim That Plainitff Failed to Properly Exhaust his Available Administrative Remedies As to his Claim That He Was Thrown Into The Medical Exam Room (Restated)

The Defendants ask this Court to dismiss any action of damages as to the Plaintiff's allegation against Defendant Barlow regarding being thrown into the medical exam room. (See Doc. 30 at 7-14) Plaintiff asserts that this aspect of the Defendants' motion should be denied as moot, because Plaintiff is not seeking damages for that particular incident. Plaintiff concedes that this claim is not exhausted, at least for the purposes of seeking a judgment for damages.

However, Plaintiff should reserve the right to present any evidence of this incident at the approriate time as generally permitted by the United States Code and the Federal Rules of Court. In his *sworn* complaint, Plaintiff referenced this incident to better help the trier of fact understand the extent of the consitutional violations upon which this action stands. This information is relevant to demonstrate the extensive nature of the violation(s) which occurred as outlined in the complaint.

As such, Plaintiff concedes with the Defendants' assertion that the particular allegation of Defendant Barlow is unexhausted for the puposes of damages. Plaintiff nevertheless reserves any right he may have to reference this incident as

7

evidentiary support of the exhausted claims of constitutional violations at the fact finding stage of the case.

## CONCLUSION

Plaintiff respectfully requests that this Court deny Defendants' motion to dismiss the complaint on the grounds set forth in claim one of this motion, as they failed to meet their burden for dismissal. As to claim two of defendants' motion, this Court should deny this claim as moot. Plaintiff is not seeking a judgment or damages on the allegation at issue there. However, Plaintiff reserves the right to present evidence of the incident at the appropriate time as permitted by law.

## SWORN OATH

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING FACTS AS STATED BY PLAINTIFF ARE TRUE, ACCURATE AND CORRECT.

/s/ _____
Ronald Rae Mcphee, DC# K60905
Plaintiff

Respectfully Submitted

/s/ [signature]
RONALD RAE MCPHEE DC# K60905
PLAINTIFF
SANTA ROSA C.I. ANNEX
5850 EAST MILTON ROAD
MILTON, FL 32583

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing "Response To Defendants' 'Motion To Dismiss'" has been placed in the hands of prison mailing officials to be mailed to furnished to Kristen J. Lonergan, Assistant Attorney General, Attorney for Defendants, Office of the Attorney General, The Capitol, Ste. PL-01, Tallahassee, FL 32399-1050, on this __6__ day of March, 2022.

/s/ [signature]
Ronald Rae Mcphee, DC# K60905

Ronald R. Murphy, DC#K69906
Santa Rosa Correctional Institution
5850 East Milton Road
Milton, FL 32583

*Legal Mail*

United States District Court
Northern District of Florida
Pensacola Division
1 North Palafox, Rm: 226
Pensacola, FL 32502-5658

RECEIVED MAR 14 2022