UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RONALD RAE MCPHEE,

　　　Plaintiff,

v.                                        Case No. 3:21cv858-MCR-HTC

SERGEANT D. BARLOW, et al.,

　　　Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, Ronald McPhee, proceeding *pro se*, brings this action under 42 U.S.C. § 1983 against Sergeant D. Barlow, Nurse M. Williams, and John Doe defendants for violations of his Eighth Amendment rights arising out of an excessive use of force incident occurring on December 22, 2017.  ECF Doc. 5.  Before the Court is Sgt. Barlow's motion to dismiss arguing that Plaintiff failed to disclose his complete litigation history and failed to fully exhaust his administrative remedies as to one of his claims against Barlow.  ECF Doc. 30.  Upon consideration of the motion and Plaintiff's opposition (ECF Doc. 44), the undersigned recommends Sgt. Barlow's motion be DENIED.

## I.    FAILURE TO DISCLOSE

Sgt. Barlow argues this action should be dismissed because Plaintiff failed to truthfully disclose his litigation history.  Specifically, Plaintiff failed to disclose two

(2) state court actions and a habeas action. Plaintiff does not dispute that he failed to disclose these actions. Instead, Plaintiff contends these actions did not need to be disclosed and, even if they did, he had a good faith basis for believing otherwise. Plaintiff also argues that, because a dismissal in this case would result in a dismissal with prejudice because the statute of limitations has expired, the Court should consider whether Plaintiff's failure to disclose was willful.

As an initial matter, the Court disagrees with Plaintiff that the two state court actions, cases 2018 CA 117 and 2016 CA 2246, did not need to be disclosed. Section IV.C. of the amended complaint form used by Plaintiff specifically asked Plaintiff whether he had filed an action in "either state or federal court that relate to the fact or manner of [his] incarceration (including habeas corpus petitions) or the conditions of [his] confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)".[1] ECF Doc. 5 at 5.

In case 2016 CA 2246, Plaintiff challenged his placement in close confinement. In case 2018 CA 117, Plaintiff challenged a disciplinary action. Thus, each of those cases dealt with the conditions of Plaintiff's confinement and manner

---

[1] The complaint form used by the Plaintiff is not this Court's most current version of the form. The current version does not require a prisoner to disclose state court cases challenging their conviction or otherwise relating to the conditions of their confinement. http://www.flnd.uscourts.gov/forms/pro-se-civil-rights-complaint-prisoner-ndfl-pro-se-14

of incarceration.  Contrary to Plaintiff's contention, the fact that he alleged his due process rights were violated does not change the nature of the case.

The Court agrees, however, that Plaintiff was not required to disclose *Ronald McPhee v. State of Florida*, 3:16-cv-01138-MMH-MCR.[2]  Notably, Plaintiff did not initiate that case by filing a habeas petition; rather, Plaintiff filed a motion for extension of time requesting additional time to file a federal habeas petition given the 28 U.S.C. § 2244(d)(1) one-year statute of limitation period.  The Court denied Plaintiff's motion and "dismissed without prejudice to his right to properly file a 28 U.S.C. § 2244 action."  *Ronald McPhee v. State of Florida*, 3:16-cv-01138-MMH-MC.

Despite Plaintiff's failure to disclose the state court actions, the undersigned does not find a dismissal to be appropriate.  As Plaintiff correctly notes, a dismissal of this action for failure to disclose would be one with prejudice because the 4-year statute of limitations has expired.[3]  Because a dismissal with prejudice is a severe sanction, the court should do so only if "there is a clear record of delay or willful misconduct and that lesser sanctions are inadequate."  *Hines v. Thomas*, 604 F. App'x

---

[2] Defendant Barlow also argues that Plaintiff was required to disclose this habeas matter in Section IV.D because it was dismissed prior to service. Section IV. D asked Plaintiff "Have you ever has any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?"  ECF Doc. 5 at 5. For the same reasons discussed here, it is unclear whether Plaintiff was required to disclose this matter because Plaintiff never filed a petition to be served.

[3] *See Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) ("Florida's four-year statute of limitations applies to such claims of deprivation of rights under 42 U.S.C. [§] 1983").

796, 800 (11th Cir. 2015). There is, however, no evidence that Plaintiff's failure to disclose the state court cases was willful. To the contrary, as discussed above, Plaintiff believed, albeit wrongfully, that the state court cases did not need to be disclosed. Moreover, Plaintiff gained no advantage by not identifying those state court cases.

Thus, while this Court has consistently dismissed an action as malicious and abuse of the judicial process for failing to disclose even *one* case, because a dismissal here would be with prejudice and Defendant has not shown Plaintiff's conduct was willful, the undersigned recommends the motion to dismiss be DENIED.[4] Plaintiff is warned, however, that the Court does not tolerate anything less than complete candor with the Court.

## II.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

Under the Prison Litigation Reform Act ("PLRA") "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of all available administrative remedies is a mandatory pre-

---

[4] Plaintiff also offers to file a second amended complaint to disclose these additional cases. As stated above, however, the Court's current complaint form for prisoners does not require the disclosure of state cases dealing with the conditions of a prisoner's confinement (it does require the disclosure of a state case based on the same facts as those raised in the federal litigation). Moreover, filing an amended complaint does not cure a failure to disclose. *See e.g., Walker v. Davenport*, No. 1:16-CV-00377WTH-GRJ, 2017 WL 559578, at *1 (N.D. Fla. Feb. 10, 2017).

requisite to filing suit that federal courts "have no discretion to waive." *Bryant v. Rich*, 530 F.3d 1368, 1373 (11th Cir. 2008).

In the motion to dismiss, Sgt. Barlow does not argue Plaintiff failed to exhaust his administrative remedies as to all incidences of alleged use of excessive force by him. Instead, Sgt. Barlow argues Plaintiff failed to exhaust his administrative remedies as to one incident – the claim that Sgt. Barlow slammed Plaintiff into the medical exam door.[5] According to Sgt. Barlow, although Plaintiff included this incident in his informal and formal grievance, Plaintiff did not specifically include this fact in his appeal. ECF Doc. 30 at 13-14.

In Plaintiff's response, he concedes he has failed to fully exhaust the fact that Sgt. Barlow slammed Plaintiff against the medical room door. Plaintiff, thus, argues this issue is moot because he is not seeking damages for that particular incident. Rather, "Plaintiff referenced the incident to better help the trier of fact understand the extent of the constitutional violations," and Plaintiff "reserve[s] the right to present any of this incident at the appropriate time as generally permitted by the

---

[5] In the amended complaint, Plaintiff alleges Sgt. Barlow used excessive force against him on December 22, 2017, as he was transporting Plaintiff from medical back to his cell, by slamming Plaintiff against the medical room door, driving his elbow into Plaintiff's neck, and whispering obscenities into Plaintiff's ear. *Id*. at 5-6. Sgt. Barlow also caused "conflicting pain" to Plaintiff when he lifted Plaintiff's restrained hands behind his back and mushed Plaintiff in the face "stating: Don't look at me." *Id*. Once at the cell, Sgt. Barlow Sgt. Barlow "grab[ed] hold of Plaintiff right hand and began twisting it," bent Plaintiff's fingers back and "repeatedly slammed the [door flap] against Plaintiff's right arm." *Id*. at 10.

[Federal Rules]."[6]    ECF Doc. 44 at 7.    Given Plaintiff's concession and representation that he is not seeking damages for that alleged use of force incident, the Court finds it unnecessary to address whether that particular claim has been exhausted and agrees with Plaintiff the motion should be denied as MOOT.

Accordingly, it is respectfully RECOMMENDED:

1.    That Defendant Barlow's Motion to Dismiss (ECF Doc. 30) be DENIED.

2.    That Defendant Barlow shall file a response to the amended complaint within fourteen (14) days of the Court's acceptance of the report and recommendation.

Done at Pensacola, Florida, this 21st day of March, 2022.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

---

[6] *See Johnson v. Johnson*, 385 F.3d 503, 519 n.10. (5th Cir. 2004) (indicating that its holding that the plaintiff did not exhaust claims regarding encounters with one of the defendants prior to March 2001 does not mean that "information regarding unexhausted events" may not be "used as evidence, if relevant and otherwise admissible, in proving claims that are exhausted.").

## <u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations may be filed within fourteen (14) days of the date of this report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.