UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RONALD RAE MCPHEE,

    Plaintiff,

v.                                                                             Case No. 3:21cv858-MCR-HTC

SERGEANT D. BARLOW, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Ronald McPhee, proceeding *pro se*, brings this action under 42 U.S.C. § 1983 against Sergeant D. Barlow, Nurse M. Williams, and John Doe defendants for violations of the Eighth Amendment arising out of a use of force incident occurring on December 22, 2017. ECF Doc. 5. Nurse Williams has filed a Motion to Dismiss, arguing Plaintiff misrepresented his litigation history and failed to state a claim for deliberate indifference. ECF Doc. 45. Plaintiff filed a response in opposition.[1] ECF Doc. 53. After reviewing the motion, the response, and the relevant law, the undersigned recommends Nurse Williams' motion be denied.

---

[1] On May 18, 2022, the Court received an incomplete document titled "Plaintiff's Response to Defendant M. Williams' Motion to Dismiss" from two individuals not involved in this case. ECF Doc. 53. The individuals indicate Plaintiff mailed the response to them and they forwarded it to the Court. It is unclear whether Plaintiff intended to mail the response to these individuals or did so inadvertently. Also, although the response is incomplete, because the Court finds the motion should be denied, the Court finds it unnecessary to give Plaintiff additional time to re-file a complete response.

## I. BACKGROUND

Plaintiff Ronald McPhee is an inmate of the Florida Department of Corrections currently located at Wakulla Correctional Institution. His amended complaint describes events which allegedly occurred at Santa Rosa Correctional Institution ("SRCI") and names four employees of SRCI as Defendants: (1) Sergeant D. Barlow; (2) Officer John Doe I; (3) Officer John Doe II; and (4) Nurse M. Williams. ECF Doc. 5 at 2-3. The amended complaint sets forth the factual allegations which follow, the truth of which are accepted for purposes of this Report and Recommendation.[2]

At approximately 8:50 a.m. on December 22, 2017, Defendants Barlow, John Doe I, and John Doe II escorted Plaintiff from "Medical Triage" back to his cell. After Plaintiff entered the cell, Barlow ordered him to stick his hands through the cell door slot. Doe I then removed the handcuff from Plaintiff's left arm. As Doe I was about to remove the handcuff from Plaintiff's right arm, Barlow, "[w]ithout provocation or warning," grabbed Plaintiff's right hand and began "twisting it to [inflict] pain upon Plaintiff." Plaintiff stated, "what are you doing, you guys don't have to do this." Doe I "immediately start[ed] attacking Plaintiff by continually yanking Plaintiff's right arm by utilizing the iron hand cuff as leverage[,] tearing

---

[2] Because Plaintiff's allegations against Nurse Williams relate to the medical care she provided or failed to provide, the recitation of facts will omit the allegations against the other Defendants not pertinent to resolving Williams' motion.

skin from around Plaintiff's wrist." Barlow stopped twisting Plaintiff's hand but then grabbed Plaintiff's finger and bent it backwards. Plaintiff shouted, "what are you doing, stop bending my finger and just take off the hand cuff." Barlow released Plaintiff's finger and began "repeatedly slam[ing] the slot flap door up against Plaintiff['s] right arm." After "[n]early a minute," Barlow ceased his use of force and Doe I removed the handcuff from Plaintiff's right arm.

Between 9:00 a.m. and 9:15 a.m. a lieutenant entered the quad along with an officer holding a handheld camera. Shortly thereafter, Defendant Nurse Williams appeared at Plaintiff's cell door. Plaintiff explained to Williams that Defendants Barlow, Doe I, and Doe II had attacked him through the cell door food slot. Plaintiff showed Williams his injuries; he asked Williams for medical treatment, stating he was experiencing "serious pain" and he felt like something in his arm could be "torn" or "broken." Williams told Plaintiff, "no just keep your arm like the way you have it upward and the swelling will go down." Plaintiff urged Williams to provide him with medical treatment, stating "no something [is] really wrong with my arm my hand and forearm are swollen but it's a knot or lump 'the size of a golf ball' right here that's sticking out above the swelling that's not normal and it hurts." Williams repeated that Plaintiff should "just keep [his] arm up and the swelling will go down." Plaintiff asserts Williams refused to provide him with medical treatment to conceal the wrongdoing of the Defendant officers.

Case No. 3:21cv858-MCR-HTC

Plaintiff suffered "extreme pain" for "nearly ten hours." After an employee shift change at 6:00 p.m., Plaintiff stopped a security officer and reported his injuries. The officer immediately contacted Nurse Bray, who assessed Plaintiff as suffering from "a compound fracture due to the large lump sticking out from Plaintiff['s] right forearm." Nurse Bray had difficulty "identifying the mass on Plaintiff['s] right arm because Nurse Bray was unable to physically [touch] Plaintiff['s] injury due to it being sensitive." The palm of Plaintiff's right hand had changed "from its natural color into a darker shade as it was losing circulation." Plaintiff's injury worsened and he was taken by EMS to Baptist Hospital emergency room for treatment. His right arm was x-rayed on March 21 and May 30 of 2018, and surgery was performed on the arm on February 21, 2019.

## II.   LEGAL STANDARD

When evaluating a motion to dismiss under Rule 12(b)(6) for failing to state a claim upon which relief can be granted the Court must determine if the plaintiff has alleged enough plausible facts to support the claim stated. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A complaint's well-pleaded facts must be accepted as true when ruling on a motion to dismiss, *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations." *Twombly*, 355 U.S. at 556 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). "A motion to

dismiss is not the vehicle by which the truth of a plaintiff's factual allegations should be judged." *Newbold v. Santana*, 4:19CV26-WS/CAS, 2020 WL 853910, at *4 (N.D. Fla. Jan. 8, 2020), *report and recommendation adopted*, 4:19CV26-WS/CAS, 2020 WL 838295 (N.D. Fla. Feb. 19, 2020).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (citation omitted). This "plausibility standard" requires a showing of "more than a sheer possibility" the defendant is liable on the claim. *Id.* The allegations of the complaint must set forth enough facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Also, in considering a motion to dismiss for failure to state a claim, the Court reads Plaintiff's *pro se* allegations in a liberal fashion, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), and accepts "[a]ll well-pleaded facts in plaintiff's complaint and all reasonable inferences drawn from those facts . . . as true." *McGinley v. Houston*, 361 F.3d 1328, 1330 (11th Cir. 2004) (citation omitted).

## III. ANALYSIS

### A. Plaintiff's failure to accurately disclose his litigation history does not warrant dismissal

Defendant Williams first argues this action should be dismissed because Plaintiff misrepresented his litigation history by failing to disclose three prior cases on the complaint form. ECF Doc. 45 at 5. Defendant Barlow raised the same argument in a Motion to Dismiss filed on January 5, 2022. ECF Doc. at 30. In a Report and Recommendation dated March 21, 2022, the undersigned rejected that argument "because a dismissal here would be with prejudice and Defendant has not shown Plaintiff's conduct was willful." ECF Doc. 46 at 4. Thus, for the reasons set forth in the March 21, 2022 Report and Recommendation, *id.* at 1-4, the undersigned does not find dismissal is an appropriate sanction for Plaintiff's failure to accurately disclose his litigation history and Williams' Motion to Dismiss should be denied as to this basis.

### B. Plaintiff has stated an Eighth Amendment deliberate indifference claim against Defendant Williams

Plaintiff alleges Defendant Williams violated the Eighth Amendment by failing to provide him with adequate medical care following the use of force on December 22, 2017. ECF Doc. 5 at 15. A § 1983 claim may arise when prison officials act with deliberate indifference to an inmate's serious medical needs in violation of the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104-05

(1976); *see also Harris v. Thigpen*, 941 F.2d 1495, 1504 (11th Cir. 1991) ("Federal and state governments . . . have a constitutional obligation to provide minimally adequate medical care to those whom they are punishing by incarceration.").

To establish an Eighth Amendment violation, a plaintiff "must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009). A serious medical need is "one that, if left unattended, poses a substantial risk of serious harm." *Id.* at 1307 (quoting *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003)). For an actor to be found to have acted with deliberate indifference, a plaintiff must prove: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." *Goodman v. Kimbrough*, 718 F.3d 1325, 1331-32 (11th Cir. 2013) (quoting *Townsend v. Jefferson Cnty.*, 601 F.3d 1152, 1158 (11th Cir. 2010)). For an actor to have subjective knowledge, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [she] must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Nurse Williams argues the amended complaint should be dismissed because Plaintiff has not alleged she was subjectively aware of the extent of Plaintiff's injury. ECF Doc. 45 at 11-12. She claims Plaintiff: (1) "only alleges [she] thought the arm

was swollen and should be elevated to alleviate the swelling"; and (2) does not allege she "knew or suspected his forearm was fractured[.]" *Id.* at 11.

Although Plaintiff does not make allegations regarding Williams' subjective beliefs during their December 2017 encounter, he is not required to do so. *See Phillips v. Roane Cnty., Tenn.*, 534 F.3d 531, 540 (6th Cir. 2008) ("Officials, of course, do not readily admit this subjective component, so it is permissible for reviewing courts to infer from circumstantial evidence that a prison official had the requisite knowledge.") (alteration and citation omitted). "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Farmer*, 511 U.S. at 842 (citations omitted); *see also De Veloz v. Miami-Dade Cnty.*, 756 F. App'x 869, 878 (11th Cir. 2018) ("[E]ven under this subjective standard, a prison official cannot hide behind an excuse that he was unaware of a fact or risk if that fact or risk would have been obvious to anyone.") (citation omitted).

Here, Plaintiff has alleged facts which could allow a factfinder to infer Williams had subjective knowledge of a substantial risk of serious harm: (1) Williams visited Plaintiff's cell following a use of force; (2) Plaintiff told Williams he was in severe pain; (3) Plaintiff showed Williams his swollen and deformed arm,

including a golf-ball sized lump protruding beyond the swelling; (4) Plaintiff told Williams he believed something in the arm could be torn or broken; (5) the correctional officer Plaintiff later showed the injury to immediately referred Plaintiff for medical treatment; and (6) the nurse who performed the subsequent evaluation diagnosed a fracture. ECF Doc. 5 at 11-13.

Despite these facts, Williams did nothing more than look at Plaintiff through a cell window and instruct him to elevate his arm; she declined to physically examine his injuries or refer him to someone who would. Her refusal or unwillingness to do more than a cursory assessment of Plaintiff through a cell window could constitute deliberate indifference. *See Hoffer v. Sec'y, Fla. Dep't of Corrs.*, 973 F.3d 1263, 1272 (11th Cir. 2020) ("'Choosing to deliberately disregard an inmate's complaints of pain without any investigation or inquiry,' we have held, constitutes deliberate indifference.") (quoting *Taylor v. Hughes*, 920 F.3d 729, 734 (11th Cir. 2019)); *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1328 (11th Cir. 2007) ("Choosing to deliberately disregard, without any investigation or inquiry, everything any inmate says amounts to willful blindness.").

Accordingly, it is respectfully RECOMMENDED:

1. That Defendant M. Williams' Motion to Dismiss, ECF Doc. 45, be DENIED.

2. That the clerk be directed to refer the case to the undersigned for further proceedings.

At Pensacola, Florida, this 19th day of May, 2022.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.