UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RONALD RAE MCPHEE,

    Plaintiff,

v.                                  Case No. 3:21cv858-MCR-HTC

SERGEANT D BARLOW,
OFFICER JOHN DOE, I,
OFFICER JOHN DOE, II,
NURSE M WILLIAMS,

    Defendants.
_____/

CASE MANAGEMENT AND SCHEDULING ORDER

This matter is before the Court on Defendants M. Williams and D. Barlow's answers, ECF Docs. 60, 61, to the amended complaint, ECF Doc. 5. Rule 1 of the Federal Rules of Civil Procedure requires a "just, speedy, and inexpensive determination of every action." To accomplish that purpose, and in accordance with Rule 16(b) of the Federal Rules of Civil Procedure, it is ORDERED as follows:

    1.    <u>Discovery Period</u>. The parties are directed to conduct discovery so that the due date of any discovery requested shall be no later than **September 29, 2022**. The parties may stipulate, without Court approval, to extend a deadline for responding to a specific discovery request or for making a Federal Rule of Civil Procedure 26 disclosure if the extension does not interfere with the time set for any

of these: completing discovery, submitting or responding to a motion, or trial. *See* N.D. Fla. Loc. R. 6.1. If an extension of time requires Court approval, no extension will be granted except for good cause and upon a showing of diligence during the initial discovery period. *See* Fed R. Civ. P. 6(b). The filing of motions SHALL NOT operate to toll or extend the discovery cut-off date set forth in this paragraph.

2. <u>Joinder of Parties and Amendments to Pleadings</u>. The deadline for Plaintiff and Defendants to join additional parties and amend pleadings shall be **twenty-one (21) days** from the date of this order.

3. <u>Rule 26 Requirements</u>. Pursuant to Fed. R. Civ. P. 26(a)(1)(B)(iv) and (f), counsel and the *pro se* Plaintiff are not required to meet or make initial disclosures.

Costs for any requested discovery shall be borne by the party making the request.

At some point in the future, the parties are advised that they may be directed to "confer to consider the nature and basis of their claims and defenses" and discuss the possibility of a prompt settlement or resolution of the case.

4. <u>Interrogatories and Requests for Production</u>. The number of interrogatories to any party, as governed by Fed. R. Civ. P. 33(a), may not exceed twenty-five (25), including all discrete subparts. The number of requests for production to any party may not exceed twenty-five (25).

5. <u>Schedule</u>. The following schedule shall apply to this case:

Case No. 3:21cv858-MCR-HTC

(a) All motions and responses shall be served and filed within the time required by the Federal Rules of Civil Procedure or the Northern District of Florida's Local Rules.

(b) Motions for summary judgment shall be filed as promptly as possible, with due regard for the discovery needs of the party opposing the motion, but, unless otherwise permitted by Court order, not later than **twenty-one (21) days** after the close of discovery.

(c) Unless otherwise ordered by the Court, no motions to compel discovery may be filed after the close of discovery.

(d) The Court may dispose of motions without a hearing. *See* N.D. Fla. Loc. R. 7.1(K).

6.  Discovery Obligations. The Federal Rules of Civil Procedure set out explicit time limits for responses to discovery requests. If the attorney for the Defendants or the *pro se* Plaintiff cannot respond on time, this fact should be communicated by the most expeditious means to opposing counsel or the opposing party; and if consent to an extension of time cannot be obtained, a motion requesting the same should be immediately filed and served. In the meantime, no motion to compel a response shall be filed. Stipulations extending the time for responses to discovery requests may be made only as authorized by Fed. R. Civ. P. 29 and N.D. Fla. Loc. R. 6.1.

7. <u>Expert Disclosures</u>.  Rule 26(a)(2) disclosures of expert witnesses and their opinions shall be made by the parties by **August 15, 2022**.  Rebuttal expert reports are due **fourteen (14) days** thereafter.  Expert witnesses not timely disclosed as required by Rule 26(a)(2) will normally not be permitted to testify at trial.

8. <u>Rule 37 Sanctions</u>.  The parties are advised that if a party fails to cooperate in discovery, sanctions may be imposed on the recalcitrant party.  *See* Fed. R. Civ. P. 37.  Furthermore, prior to filing a motion to compel, the moving party must provide certification that the "movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery" in an effort to avoid judicial intervention.  Fed. R. Civ. P. 37(a)(1).

9. <u>Resolution of Discovery-Related Issues</u>.  Counsel (and *pro se* parties) must attempt to resolve discovery-related issues without the Court's intervention. The Court will entertain a motion with respect to matters which remain in controversy only if, after consultation and sincere attempts to resolve differences, the parties are unable to reach an accord.  Any motion filed shall include certification that such attempts have been made, in accordance with Fed. R. Civ. P. 37, and shall be in the form required by N.D. Fla. Loc. R. 26.1(D).  The parties' attention is also directed to the provisions of Rule 26(b)(1) and (g), Federal Rules of Civil Procedure (covering discovery and the parties' obligations).

10. <u>Summary Judgment Motions</u>.  Any motion for summary judgment filed pursuant to Rule 56 (or Rule 12(b)(6)) which requires reference to matters outside

Case No. 3:21cv858-MCR-HTC

the pleadings), Federal Rules of Civil Procedure, shall be accompanied by a supporting memorandum that complies with the form and length requirements of N.D. Fla. Loc. R. 56.1(B). The memorandum must include a statement of facts generally in the form that would be appropriate in an appellate brief. A statement of facts must not be set out in a separate document.

If Plaintiff is the opposing party, he will be directed to submit a response to any such motion and may await the issuance of an order specifically directing the response. The party opposing a motion for summary judgment shall, in addition to other papers or matters permitted by the rules, file and serve an opposing memorandum and any opposing evidence not already in the record. *See* N.D. Fla. Loc. R. 56.1(C). The memorandum must respond to the moving party's statement of facts as would be appropriate in an appellate brief. The opposing party must not file a separate document setting out the facts or responding to the moving party's statement of facts.

The statement of facts in each party's memorandum must reference the appropriate deposition, affidavit, interrogatory, admission, or other source of the relied-upon material fact, by page, paragraph, number, or other detail sufficient to permit the court to readily locate and check the source. *See* N.D. Fla. Loc. R. 56.1(F). The Court may, but need not, consider record evidence that has not been properly cited. *See* N.D. Fla. Loc. R. 56.1(F).

11. <u>Non-Filing of Rule 26 Disclosures and Discovery Materials</u>. In accordance with Federal Rule of Civil Procedure 5(d), the parties shall serve but **shall not file with the clerk** copies of discovery materials (including notices of deposition, deposition transcripts, interrogatories, responses to interrogatories, production requests, responses to production requests, admission requests, or responses to admissions requests), unless and until needed for consideration of pending motions by the Court.  The parties need not serve and **shall not file with the clerk** separate notices of serving interrogatories or interrogatory responses, notices of serving production requests or responses, or notices of serving admissions requests or responses.

12. <u>Amendments</u>.  This order may be amended by the Court on its own motion or upon motion of any party.

13. <u>Consent to the Exercise of Jurisdiction by a United States Magistrate Judge</u>.  In accordance with 28 U.S.C. § 636(c)(2) and Rule 73.1 of the Local Rules, any party wishing to consent to trial of any or all of this civil case by a magistrate judge should execute the attached consent form and return it to the office of the Clerk.  **The form should not be filed**.  The form does not need to be returned unless a party is consenting to jurisdiction.  The clerk will hold on to the form and only if all parties consent will the clerk refer the consent to the district judge for action.  In no instance will the clerk or any party advise the Court of any party's consent unless all parties have returned executed and completed consent forms.  Additionally, no

Case No. 3:21cv858-MCR-HTC

party is required to consent, and consent may be withheld. **Consenting to magistrate judge jurisdiction does not alter the right to a trial by jury if one has been appropriately requested.**

DONE AND ORDERED this 1st day of July, 2022.

/s/ Hope Thai Cannon
**HOPE THAI CANNON
UNITED STATES MAGISTRATE JUDGE**

AO 85 (Rev. 01/09) Notice, Consent, and Reference of a Civil Action to a Magistrate Judge

# UNITED STATES DISTRICT COURT
for the

| | )
--- | ---
*Plaintiff* | )
v. | ) Civil Action No.
| )
*Defendant* | )

**NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE**

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.* The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Parties' printed names* | *Signatures of parties or attorneys* | *Dates* |
| --- | --- | --- |
| | | |
| | | |
| | | |

**Reference Order**

**IT IS ORDERED:** This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: _____

_____
*District Judge's signature*

_____
*Printed name and title*

Note:   Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge. Do not return this form to a judge.