

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

CIVIL RIGHTS COMPLAINT FORM FOR
PRO SE, PRISONER LITIGANTS IN ACTIONS UNDER
28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983

Ronald Rae McPhee,

Inmate ID Number: K60905,

_____,

*(Write the full name and inmate ID number of the Plaintiff.)*

v.

D. Barlow et al,
K. Urbaniak,
W. Parker;
M. Williams,

*(Write the full name of each Defendant who is being sued. If the names of all the Defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

AMENDED COMPLAINT

Case No.: 3:21cv858-MCR-HTC
*(To be filled in by the Clerk's Office)*

Jury Trial Requested?
☑ YES  ☐ NO

All are sued in their individual capacity

Place Present: A/c: Confinement
Wakulla Correctional inst.
110 Melaleuca Drive
Crawfordville, FL 32327

FILED USDC FLND PN
NOV 10 '22 PM2:17

## I. PARTIES TO THIS COMPLAINT

A. Plaintiff

Plaintiff's Name: Ronald Rae McPhee   ID Number: K60905

List all other names by which you have been known: _____

Current Institution: Wakulla Correctional institution

Address: 110 Melaleuca Drive
Crawfordville, FL 32327

B. Defendant(s)

State the name of the Defendant, whether an individual, government agency, organization, or corporation. For individual Defendants, identify the person's official position or job title, and mailing address. Indicate the capacity in which the Defendant is being sued. Do this for *every* Defendant:

1. Defendant's Name: D. Barlow

   Official Position: Sergeant

   Employed at: Santa Rosa C.I.

   Mailing Address: 5850 E. Milton Road
   Milton, FL 32583

   ☑ Sued in Individual Capacity   ☐ Sued in Official Capacity

2. Defendant's Name: K. Urbaniak

   Official Position: Correction officer

   Employed at: Santa Rosa C.I.

   Mailing Address: 5850 E. Milton Road Milton, FL 32583

   ☑ Sued in Individual Capacity    ☐ Sued in Official Capacity

3. Defendant's Name: W. Parker

   Official Position: Correction officer

   Employed at: Santa Rosa C.I.

   Mailing Address: 5850 E. Milton Road Milton, FL 32583

   ☑ Sued in Individual Capacity    ☐ Sued in Official Capacity

*(Provide this information for all additional Defendants in this case by attaching additional pages, as needed.)*

## II. BASIS FOR JURISDICTION

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution" and federal law. Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain Constitutional rights.

(4)  Defendant Name: __M. WILLIAMS__
     Official Position: __Nurse__
     Employed At: __Santa Rosa C.I.__
     Mailing Address: __5850 E. Milton Rd.__
     __Milton, FL 32583__

☑ Sued in individual Capacity  ☐ Sued in office Capacity

3-B

Are you bringing suit against (*check all that apply*):

☐ Federal Officials (*Bivens case*)    ☑ State/Local Officials (*§ 1983 case*)

## III. PRISONER STATUS

Indicate whether you are a prisoner, detainee, or in another confined status:

☐ Pretrial Detainee          ☐ Civilly Committed Detainee

☑ Convicted State Prisoner   ☐ Convicted Federal Prisoner

☐ Immigration Detainee       ☐ Other *(explain below)*:

_____

_____

## IV. STATEMENT OF FACTS

Provide a short and plain statement of the *facts* which show why you are entitled to relief. Describe how *each* Defendant was involved and what each person did, or did not do, in support of your claim. Identify when and where the events took place, and state how each Defendant caused you harm or violated federal law. Write each statement in short numbered paragraphs, limited as far as practicable to a single event or incident. ***Do not make legal argument, quote cases, cite to statutes, or reference a memorandum.*** You may make copies of the following page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages

Should be attached

## Original placement

1). On December 22, 2017 at approximately 8:50 a.m. while leaving the Medical Triage Thats inside of Delta Dormitory at Santa Rosa Correctional institution. Main Unit.

2). Defendant D. Barlow handle Plaintiff with Such aggressive Counseling and demands.

3). Plaintiff warned Defendant D. Barlow that Theres A Camera outside in the Foyer that Could See in On the Defendant from the angle the Plaintiff and Defendant D. Barlow was Standing.

4). Plaintiff at That Time was in full Set of restraints Consist of hand Cuff behind The bAck and Leg Shackles.

5). at That Moment Defendant D. Barlow behavior BeCame mild at The Mention of him being On Camera.

6). Defendant D. Barlow immediately lead Plaintiff outside The Medical Triage where Defendant K. Urbaniak, and W. Parker was standing waiting To help with escorting Plaintiff to his Quad/Quad one To be Placed Back into Plaintiff holding Cell # 1214 Thats also inside of Delta Dorm.

7). Defendant D. Barlow lifted Plaintiff left arm Upward Behind The Plaintiff as far as it Could go Conflicting Pain upon The Plaintiff.

8). Defendant K. Urbaniak grab a hold of Plaintiff right arm mimicking his Supervisor (D. Barlow) behavior forcing Plaintiff right arm up behind Plaintiff back.

9). as Defendants D. Barlow, and K. Urbaniak begin escorting Plaintiff in that manner of Fashion.

10). Defendant D. Barlow radioed For The Lieutenant who are over Delta Dormitory for assistance to Fabricate a Story to Fit the prescription the Camera

## Original placement

might have picked upon in the Medical Triage.

11). Plaintiff Stated i am not resisting nor I am being Disruptive So There's no need to escort me like This my Shoulders are hurting.

12). Defendant K. Urbaniak Order Plaintiff to Shut up.

13). Plaintiff immediately Complied with Defendant K. Urbaniak Order.

14). Plaintiff and Defendants D. Barlow, K. Urbaniak, and W. Parker Walked onto Quad #1.

15). Defendant D. Barlow Mushed Plaintiff in the face with his hand without need or provocation.

16). Defendant D. Barlow Then Stated don't Look at me.

17). Plaintiff stated i was looking at your Name Tag So i Could write you up, requesting to Utilizing the audio and The Fix wing Cameras.

18). Plaintiff and Defendant D. Barlow, K. Urbaniak, and W. Parker arrived at Plaintiff Cell Front.

19). Defendant K. Urbaniak Order Plaintiff to get Down onto his Knees.

20). Plaintiff immediately Complied with Defendant K. Urbaniak order without incident.

21). Defendant K. Urbaniak removed The Leg Shackles From Plaintiff ankles.

22). Defendant D. Barlow Order Plaintiff to go into his holding Cell an hand his hands Through The door Slot.

23). Plaintiff immediate Complied with Defendant D. Barlow Order.

24). Defendant K. Urbaniak release the hand Cuff from Plaintiff left arm.

25). As Defendant K. Urbaniak was about to Take off The Right Cuff from Plaintiff right wrist.

26). Without provocation or Warning D. Barlow grab hold of Plaintiff right hand and begin twisting it to Conflict pain upon Plaintiff.

27). Plaintiff Stated "What are you doing, you guys don't have To do This".

28). Defendant K. Urbaniak immediately Start attacking Plaintiff by Continually yanking Plaintiff right arm by Utilizing the iron hand Cuff as leverage Tearing Skin from around Plaintiff wrist.

29). Defendant D. Barlow Stop Twisting Plaintiff hand.

30). Defendant D. Barlow immediately grab hold of Plaintiff Finger bending it Backwards To Conflict greater pain.

31). Plaintiff Shout out in pain "What are you doing, Stop being My Finger and just Take off The hand Cuff."

32). Defendant D. Barlow release Plaintiff finger and Begin repeatedly Slammed the Slot flap door up Against Plaintiff right arm.

33). Defendant W. Parker Stood and failed to intervene To prevent Further injury.

34). Defendant K. Urbaniak relinquish from Submitting excessive Use of Force Once he Notice the great Amount of Damage that Was Conflicted On The Plaintiff.

35). Nearly a Minute Thereafter Defendant D. Barlow Brutal Use of Force decease Once he Was Satisfied With The damage that were Conflicted upon Plaintiff right arm.

36). Defendant K. Urbaniak immediately release hand Cuff From Plaintiff wrist.

37). Defendant D. Barlow, K. Urbaniak, and W. Parker Then left off Quad #1 To Met up with Their Supervisor (Lieutenant) before he Could Come Ont The quad.

6-B

38). at approximate between the Time of 9:08 a.m. and 9:15 a.m. Lieutenant Came Onto the Quad with Another officer holding a hand held Camera.

39). Lieutenant Stood Far off From a distance Out From Plaintiff ear range as he Spoke into the hand held Camera.

40). No longer then a Minute Thereafter, The hand held Camera was directed Toward Plaintiff holding Cell.

41). Defendant M. Williams arrived at Plaintiff Cell Front. Two Minutes after the hand held Camera was directed Onto Plaintiff holding Cell.

42). Plaintiff was not Showing aggressiveness nor Disruptive behavior.

43). Plaintiff Stated officers Over this Dorm including Sergeant Barlow attack Me Through My Cell Door Food Slot.

44). Plaintiff show Defendant M. Williams his injuries That Occurred From Defendant D. Barlow and K. Urbanjak attacking him.

45). Plaintiff Stated ma'am Could you have Me pulled From My holding Cell For Medical Treatment because i am in Serious pain Right now and it feel like Something in My arm Could have been Torn apparent or Broken.

46). Defendant M. Williams State no just Keep your arm like The way you have it upward and The swelling will go down.

47). Plaintiff Stated Ma'am no Something are really wrong with My arm My hand and Forearm are Swollen but its a Knot or Lump "the Size of a Golf Ball" right here Thats Sticking Out above the Swelling thats

6-C

not normal and it hurts.

48). Defendant M. Williams stated just keep your arm up and the swelling will go down.

49). Defendant M. Williams refuse to give Plaintiff Medical aid in Order to help keep Defendant D. Barlow, K. Urbaniak, and W. Parker action of attack upon the Plaintiff Clandestine.

50). Plaintiff was force to suffer long extreme pain for nearly Ten hours until Security administration, and medical staff change shift at 6:00 p.m.

51). When Security came Onto The Quad at 6:30 p.m. to Conduct shower's for all inmates on Quad #1.

52). Plaintiff immediately stopped one of the Security officer's an reported his injuries.

53). The Security officer immediately contacted Nurse B. Bray.

54). Plaintiff was subsequently assessed by Medical officer (Nurse B. Bray) whom consume at the moment Plaintiff were suffering a compound fracture due to the large lump sticking out from Plaintiff right forearm.

55). Nurse Bray had difficulties identifying the mass'on Plaintiff right arm because Nurse Bray was unable to physically to Plaintiff injury due to it being sensitive.

56). Plaintiff right hand palm had change from its natural color into a darker shade as it was losing circulation.

57). Plaintiff injury worsen and Plaintiff was rushed by EMS to Pensacola, FL "Baptist Hospital Emergency room" to have his injury Treated by a higher level of care.

58). During this assault one of the Defendants either slamming Plaintiff forearm in the slot Flap door a Little above his wrist area repeatedly or repeatedly yankeing Plaintiff arm with a set of iron restaints

6-D

Caused Laceration to Plaintiff right arm Muscle Tissue that Leaked blood and Some similiar tecture of body Fluid Underneath the Surface of Plaintiff Skin that Formed into a abnormal massive Lump above the rest of The swelling of the right arm, and Several Cuts aspect to Plaintiff right wrist area.

59). Plaintiff was Subjected to Chronic pain and Suffering due to injuries.

60). On 3-21-18 Plaintiff was Submitted to an X-Ray evaluation to The Large mass on Plaintiff arm.

61). Then Plaintiff was Compel to another X-Ray on 5-30-18 to The Large mass to Plaintiff right arm.

62). after Several X-Ray evaluation that Took place on Separate Occasions to The Large mass That Continue To deform into its abnormalities it was declared it was Safe for Plaintiff to Undergo Operational Surgery That Took place On February 21, 2019, at the Reception and Medical Center (RMC) Correctional institution.

6-E

## V. STATEMENT OF CLAIMS

State what rights under the Constitution, laws, or treaties of the United States have been violated. Be specific. If more than one claim is asserted, number each separate claim and relate it to the facts alleged in Section III. If more than one Defendant is named, indicate which claim is presented against which Defendant.

1). the action of Defendant "D. Barlow" and "Urbaniak" in Using physical Force against Plaintiff without need or provocation, and 2). W. Parker in Failing to intervene to prevent the Misuse of Force That were done Maliciously and Sadistically 3). Defendant Nurse M. Williams Show Deliberate indifference to Plaintiff Medical needs Constituted Cruel and Unusual Punishment in Violation of the Eighth Amendment of the United States Constitution 4). The Action of D. Barlow and K. Urbaniak in Using physical Force Against Plaintiff without need or provocation Constituted the Tort of Assault and Battery Under the Law of Florida

## VI. RELIEF REQUESTED

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes. If requesting money damages *(either actual or punitive damages)*, include the amount sought and explain the basis for the claims.

Compensatory Damage in the Amount: 1). $250,000 Jointly and Severally Against Defendants D. Barlow, and K. Urbaniak For the physical An Emotional injuries 2). $200,000 Jointly And severally Against Defendants W. Parker For Failing to intervene doing the Attack upon Plaintiff, and Against Defendant M. Williams For Deliberate indifference to Plaintiff medical needs.
Punitive Damage in the Amount: 1) $100,000 Each Against Defendants D. Barlow And K. Urbaniak 2) $50,000 Each Against Defendants W. Parker and M. Williams

**ATTENTION:** *The Prison Litigation Reform Act ("PLRA") does not permit awards for punitive or compensatory damages "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act . . . ." 42 U.S.C. § 1997e(e).*

## VII. EXHAUSTION OF ADMINISTRATIVE REMEDIES

The PLRA requires that prisoners exhaust all available administrative remedies *(grievance procedures)* before bringing a case. 42 U.S.C. § 1997e(a). **ATTENTION:** *If you did not exhaust available remedies prior to filing this case, this case may be dismissed.*

## VIII. PRIOR LITIGATION

**ATTENTION:** *The "three strikes rule" of the PLRA bars a prisoner from bringing a case without full payment of the filing fee at the time of case initiation if the prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

A. To the best of your knowledge, have you had any case dismissed for a reason listed in § 1915(g) which counts as a "strike"?

☐ YES   ☒ NO

If you answered yes, identify the case number, date of dismissal and court:

1. Date: _____ Case #: _____

    Court: _____

2. Date: _____ Case #: _____

    Court: _____

3. Date: _____ Case #: _____

    Court: _____

*(If necessary, list additional cases on an attached page)*

B. Have you filed other lawsuits in either *state or federal court* dealing with the same facts or issue involved in this case?

☒ YES   ☐ NO

If you answered yes, identify the case number, parties, date filed, result *(if not still pending)*, name of judge, and court for each case *(if more than one)*:

1. Case #: 6:15cv1089-orl-22KRS   Parties: Larry A. Oliver, Jr., et al

Court: _Middle District/Orlando Divison_ Judge: _Karla R. Spaulding_

Date Filed: _Cant ReCall_ Dismissal Date *(if not pending)*: _Only Remember 2019 The year_

Reason: _Settlement_

2. Case #: _6:17cv02010 GKS_ *GJK* Parties: _Kenar Oscarson, et al_

Court: _Middle District/Orlando Division_ Judge: _Gregory J. Kelly_

Date Filed: _Cant ReCall_ Dismissal Date *(if not pending)*: _12-18-17_

Reason: _Plaintiff incident was Not separat From the Disciplinary Report_

C. Have you filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement?

☐ YES  ☑ NO

If you answered yes, identify all lawsuits:

1. Case #: _____ Parties: _____

   Court: _____ Judge: _____

   Date Filed: _____ Dismissal Date *(if not pending)*: _____

   Reason: _____

2. Case #: _____ Parties: _____

   Court: _____ Judge: _____

   Date Filed: _____ Dismissal Date *(if not pending)*: _____

   Reason: _____

3. Case #: _____ Parties: _____

   Court: _____ Judge: _____

   Date Filed: _____ Dismissal Date *(if not pending)*: _____

   Reason: _____

4. Case #: _____ Parties: _____

   Court: _____ Judge: _____

   Date Filed: _____ Dismissal Date *(if not pending)*: _____

   Reason: _____

5. Case #: _____ Parties: _____

   Court: _____ Judge: _____

   Date Filed: _____ Dismissal Date *(if not pending)*: _____

   Reason: _____

6. Case #: _____ Parties: _____

   Court: _____ Judge: _____

   Date Filed: _____ Dismissal Date *(if not pending)*: _____

   Reason: _____

*(Attach additional pages as necessary to list all cases.* ***Failure to disclose all prior cases may result in the dismissal of this case.****)*

## IX. CERTIFICATION

I declare under penalty of perjury that the foregoing (including all continuation pages) is true and correct. Additionally, as required by Federal

Rule of Civil Procedure 11, I certify that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to timely notify the Clerk's Office if there is any change to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date: 11-4-22 Plaintiff's Signature: _____

Printed Name of Plaintiff: Ronald Rae McPhee
Correctional Institution: Santa Rosa Correctional institution
Address: 5850 E. Milton Rd
Milton, FL 32327

**I certify and declare, under penalty of perjury, that this complaint was (*check one*) ☑delivered to prison officials for mailing or ☐ deposited in**

NDFL Pro Se 14 (Rev 12/16) Civil Rights Complaint Prisoner
ClerkAdmin/Official/Forms

12

the prison's mail system for mailing on the __4__ day of __November__, 20 __22__.


Signature of Incarcerated Plaintiff: _[signature]_

NDFL Pro Se 14 (Rev 12/16) Civil Rights Complaint Prisoner
ClerkAdmin/Official/Forms

13



Ronald McPhee #K60905
Santa Rosa Correctional Institution
5850 E. Milton Rd.
Milton, FL 32583

U.S. District Court Northern
District of Florida Pensacola
100 North Palafox Street
Pensacola, FL 32502

PROVIDED TO
SANTA ROSA CI ON
NOV 04 2022
FOR MAILING BY



MAILED FROM A STATE
CORRECTIONAL INSTITUTION





ZIP 32583
02 4W
0000368416

US POSTAGE ᴬⁿᵈPITNEY BOWES
$ 000.00⁰
NOV 04 2022