## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

RONALD RAE MCPHEE,

      Plaintiff,

vs.

      Case No.: 3:21-cv-00858-MCR-HTC

SERGEANT D. BARLOW, et al.,

      Defendants.

_____

## DEFENDANT M. WILLIAMS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant M. Williams ("Nurse Williams") files this Answer and Affirmative Defenses to Plaintiff Ronald Rae McPhee's Second Amended Complaint (ECF No. 92), and states as follows:

## ANSWER

## I. PARTIES TO THIS COMPLAINT

A. Plaintiff

Admitted that Plaintiff is incarcerated in the custody of the Florida Department of Corrections ("FDOC"). Otherwise, without knowledge, therefore denied.

B. Defendant(s)

1.      The allegations in this paragraph are not directed at Nurse Williams and therefore no response is required. To the extent a response is required, without knowledge, therefore denied.

2.      The allegations in this paragraph are not directed at Nurse Williams and therefore no response is required. To the extent a response is required, without knowledge, therefore denied.

3.      The allegations in this paragraph are not directed at Nurse Williams and therefore no response is required. To the extent a response is required, without knowledge, therefore denied.

4.      Admitted that Nurse Williams worked as nurse pursuant to Centurion of Florida, LLC's contract with FDOC. Otherwise, denied.

## II. BASIS FOR JURISDICTION

This is not a statement made by the Plaintiff and therefore no response is required. To the extent a response is required, admitted only to the extent that this Court has jurisdiction.

## III. PRISONER STATUS

Admitted that Plaintiff is a convicted state prisoner.

## IV. STATEMENT OF FACTS

1. The allegations in this paragraph do not pertain to Nurse Williams and therefore no response is required. To the extent a response is required, denied as stated.

2. The allegations in this paragraph do not pertain to Nurse Williams and therefore no response is required. To the extent a response is required, without knowledge, therefore denied.

3. The allegations in this paragraph do not pertain to Nurse Williams and therefore no response is required. To the extent a response is required, without knowledge, therefore denied.

4. The allegations in this paragraph do not pertain to Nurse Williams and therefore no response is required. To the extent a response is required, without knowledge, therefore denied.

5. The allegations in this paragraph do not pertain to Nurse Williams and therefore no response is required. To the extent a response is required, without knowledge, therefore denied.

6. The allegations in this paragraph do not pertain to Nurse Williams and therefore no response is required. To the extent a response is required, without knowledge, therefore denied.

7.     The allegations in this paragraph do not pertain to Nurse Williams and therefore no response is required. To the extent a response is required, without knowledge, therefore denied.

8.     The allegations in this paragraph do not pertain to Nurse Williams and therefore no response is required. To the extent a response is required, without knowledge, therefore denied.

9.     The allegations in this paragraph do not pertain to Nurse Williams and therefore no response is required. To the extent a response is required, without knowledge, therefore denied.

10.     The allegations in this paragraph do not pertain to Nurse Williams and therefore no response is required. To the extent a response is required, without knowledge, therefore denied.

11.     The allegations in this paragraph do not pertain to Nurse Williams and therefore no response is required. To the extent a response is required, without knowledge, therefore denied.

12.     The allegations in this paragraph do not pertain to Nurse Williams and therefore no response is required. To the extent a response is required, without knowledge, therefore denied.

13.     The allegations in this paragraph do not pertain to Nurse Williams and therefore no response is required. To the extent a response is required, without knowledge, therefore denied.

14.     The allegations in this paragraph do not pertain to Nurse Williams and therefore no response is required. To the extent a response is required, without knowledge, therefore denied.

15.     The allegations in this paragraph do not pertain to Nurse Williams and therefore no response is required. To the extent a response is required, without knowledge, therefore denied.

16.     The allegations in this paragraph do not pertain to Nurse Williams and therefore no response is required. To the extent a response is required, without knowledge, therefore denied.

17.     The allegations in this paragraph do not pertain to Nurse Williams and therefore no response is required. To the extent a response is required, without knowledge, therefore denied.

18.     The allegations in this paragraph do not pertain to Nurse Williams and therefore no response is required. To the extent a response is required, without knowledge, therefore denied.

19.     The allegations in this paragraph do not pertain to Nurse Williams and therefore no response is required. To the extent a response is required, without knowledge, therefore denied.

20.     The allegations in this paragraph do not pertain to Nurse Williams and therefore no response is required. To the extent a response is required, without knowledge, therefore denied.

21.     The allegations in this paragraph do not pertain to Nurse Williams and therefore no response is required. To the extent a response is required, without knowledge, therefore denied.

22.     The allegations in this paragraph do not pertain to Nurse Williams and therefore no response is required. To the extent a response is required, without knowledge, therefore denied.

23.     The allegations in this paragraph do not pertain to Nurse Williams and therefore no response is required. To the extent a response is required, without knowledge, therefore denied.

24.     The allegations in this paragraph do not pertain to Nurse Williams and therefore no response is required. To the extent a response is required, without knowledge, therefore denied.

25.    The allegations in this paragraph do not pertain to Nurse Williams and therefore no response is required. To the extent a response is required, without knowledge, therefore denied.

26.    The allegations in this paragraph do not pertain to Nurse Williams and therefore no response is required. To the extent a response is required, without knowledge, therefore denied.

27.    The allegations in this paragraph do not pertain to Nurse Williams and therefore no response is required. To the extent a response is required, without knowledge, therefore denied.

28.    The allegations in this paragraph do not pertain to Nurse Williams and therefore no response is required. To the extent a response is required, without knowledge, therefore denied.

29.    The allegations in this paragraph do not pertain to Nurse Williams and therefore no response is required. To the extent a response is required, without knowledge, therefore denied.

30.    The allegations in this paragraph do not pertain to Nurse Williams and therefore no response is required. To the extent a response is required, without knowledge, therefore denied.

31.     The allegations in this paragraph do not pertain to Nurse Williams and therefore no response is required. To the extent a response is required, without knowledge, therefore denied.

32.     The allegations in this paragraph do not pertain to Nurse Williams and therefore no response is required. To the extent a response is required, without knowledge, therefore denied.

33.     The allegations in this paragraph do not pertain to Nurse Williams and therefore no response is required. To the extent a response is required, without knowledge, therefore denied.

34.     The allegations in this paragraph do not pertain to Nurse Williams and therefore no response is required. To the extent a response is required, without knowledge, therefore denied.

35.     The allegations in this paragraph do not pertain to Nurse Williams and therefore no response is required. To the extent a response is required, without knowledge, therefore denied.

36.     The allegations in this paragraph do not pertain to Nurse Williams and therefore no response is required. To the extent a response is required, without knowledge, therefore denied.

37.    The allegations in this paragraph do not pertain to Nurse Williams and therefore no response is required. To the extent a response is required, without knowledge, therefore denied.

38.    The allegations in this paragraph do not pertain to Nurse Williams and therefore no response is required. To the extent a response is required, without knowledge, therefore denied.

39.    The allegations in this paragraph do not pertain to Nurse Williams and therefore no response is required. To the extent a response is required, without knowledge, therefore denied.

40.    The allegations in this paragraph do not pertain to Nurse Williams and therefore no response is required. To the extent a response is required, without knowledge, therefore denied.

41.    Admitted that Nurse Williams conducted a post-use-of-force examination of Plaintiff cell front. Otherwise, denied.

42.    Without knowledge, therefore denied.

43.    Without knowledge, therefore denied.

44.    Admitted that Nurse Williams conducted a post-use-of-force examination of Plaintiff. Otherwise, denied.

45.    Admitted that Nurse Williams conducted a post-use-of-force examination of Plaintiff. Otherwise, without knowledge, therefore denied.

46.     Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Nurse Williams denies any allegation inconsistent with or contrary to those records. Otherwise, without knowledge, therefore denied.

47.     Without knowledge, therefore denied.

48.     Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Nurse Williams denies any allegation inconsistent with or contrary to those records. Otherwise, without knowledge, therefore denied.

49.     Denied.

50.     Without knowledge, therefore denied.

51.     Without knowledge, therefore denied.

52.     Without knowledge, therefore denied.

53.     Without knowledge, therefore denied.

54.     Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Nurse Williams denies any allegation inconsistent with or contrary to those records. Without knowledge, therefore denied.

55.     Without knowledge, therefore denied.

56.     Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Nurse Williams denies any allegation inconsistent with or contrary to those records. Otherwise, without knowledge, therefore denied.

57.     Admitted only to the extent that the medical records which these factual allegations are drawn speak for themselves. Nurse Williams denies any allegation inconsistent with or contrary to those records. Otherwise, denied as stated.

58.     Denied.

59.     Without knowledge, therefore denied.

60.     Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Nurse Williams denies any allegation inconsistent with or contrary to those records. Otherwise, without knowledge, therefore denied.

61.     Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Nurse Williams denies any allegation inconsistent with or contrary to those records. Otherwise, without knowledge, therefore denied.

62.     Admitted only to the extent that the medical records from which these factual allegations are drawn speak for themselves. Nurse Williams denies any

allegation inconsistent with or contrary to those records. Otherwise, without knowledge, therefore denied.

## V. STATEMENT OF CLAIMS

1) The allegations in this paragraph do not pertain to Nurse Williams and therefore no response is required. To the extent a response is required, without knowledge, therefore denied.

2) The allegations in this paragraph do not pertain to Nurse Williams and therefore no response is required. To the extent a response is required, without knowledge, therefore denied.

3) This allegation is a legal conclusion to which no response is required. To the extent a response is required, denied.

4) This allegation is a legal conclusion to which no response is required. To the extent a response is required, denied.

## VI. RELIEF REQUESTED

Nurse Williams denies the allegations in this section.

## VII. EXHAUSTION OF ADMINISTRATIVE REMEDIES

This is not a statement made by the Plaintiff and therefore no response is required. To the extent a response is required, without knowledge, therefore denied.

## VIII. PRIOR LITIGATION

A. Without knowledge, therefore denied.

B.     Admitted.

C.     Denied. Further, Nurse Williams states that Plaintiff failed to disclose two state court cases relating either to the fact or manner of his incarceration or the conditions of his confinement. Those cases are: (1) case no: 2017 CA 2246, filed in Leon County, Florida; and (3) case no: 2018 CA 117, filed in Santa Rosa County, Florida.

## XI. CERTIFICATION

This is not a statement made by the Plaintiff and therefore no response is required. To the extent a response is required, without knowledge, therefore denied.

## JURY DEMAND

Nurse Williams demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted and should, therefore, be dismissed under Federal Rule of Civil Procedure 12(b)(6).

### SECOND DEFENSE

Plaintiff's Complaint fails to state facts against Nurse Williams that would rise to the level of a constitutional or statutory deprivation under the laws of the

United States, the Constitution of the United States, the laws of Florida, or the Constitution of Florida.

### THIRD DEFENSE

Plaintiff fails to establish that Nurse Williams was independently liable for a violation of § 1983 and fails to satisfy all elements of the claim. Plaintiff, therefore, fails to establish and cannot establish that Nurse Williams violated his constitutional rights.

### FOURTH DEFENSE

Nurse Williams is not liable for the acts or omissions of any other person.

### FIFTH DEFENSE

Nurse Williams, to the extent applicable, asserts all affirmative defenses listed in Rule 8(c)(1) of the Federal Rules of Civil Procedure, which includes: accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, and waiver.

### SIXTH DEFENSE

The damages allegedly suffered by Plaintiff, if any, were the result of his own acts and/or his failure to mitigate his damages.

**SEVENTH DEFENSE**

Plaintiff cannot establish that Nurse Williams acted with a deliberate indifference to his serious medical need.

**EIGHTH DEFENSE**

Any purported injury to Plaintiff was not caused by Nurse Williams, and instead, was caused by other factors including, but not limited to, other actors.

**NINTH DEFENSE**

Nurse Williams is immune under the federal doctrines of qualified immunity and sovereign immunity.

**TENTH DEFENSE**

Nurse Williams is immune under Florida State law, including, but not limited to, Florida's sovereign immunity statute, which immunizes Nurse Williams and places a cap on Plaintiff's damages.

**ELEVENTH DEFENSE**

Plaintiff's Second Amended Complaint is barred to the extent he failed to exhaust administrative remedies pursuant to 42 U.S.C § 1997e(a).

**TWELFTH DEFENSE**

Nurse Williams asserts that some or all of Plaintiff's claims are barred by the applicable statute of limitations.

## RESERVATION OF DEFENSES

Nurse Williams reserve the right to affirmatively plead all other defenses and affirmative defenses available to her that may become applicable through discovery and during the trial of this cause.

## GENERAL DENIAL

To the extent not expressly admitted above, Nurse Williams denies every other allegation in the Second Amended Complaint that makes a claim against her. Nurse Williams denies any claim or allegation that she denied Plaintiff needed medical care or that she acted with deliberate indifference to any serious medical need of Plaintiff. Nurse Williams also denies that she denied Plaintiff due process or any other right. Nurse Williams further denies that Plaintiff is entitled to any relief whatsoever.

Respectfully submitted:

*s/ W. Blair Castle*
Brian A. Wahl (FBN 95777)
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place-1819 5th Avenue, N.
Birmingham, AL  35203
Phone: (205) 521-8000|Fax: (205) 521-8800
Primary Email:      bwahl@bradley.com
Secondary Email:  tramsay@bradley.com

Jacob Hanson (FBN 91453)
W. Blair Castle (FBN 1031504)
BRADLEY ARANT BOULT CUMMINGS LLP
100 North Tampa Street, Suite 2200
Tampa, FL  33602

Phone: (813) 559-5500|Fax: (813) 229-5946
Primary Email:      jhanson@bradley.com
Primary email:      bcastle@bradley.com
***Counsel for Defendant Nurse Marie***
***Williams, LPN***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 7, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to counsel of record and a copy was mailed via U.S. Mail to pro se plaintiff on this date to:

Ronald Rae McPhee
Inmate# K60905
Wakulla Correctional Institute
110 Melaleuca Drive
Crawfordville, FL  32327
*pro se Plaintiff*

/s/ *W. Blair Castle*
***Counsel for Defendant Nurse Marie***
***Williams, LPN***

17