# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**RONALD RAE MCPHEE,**
**DOC# K60905,**
    **Plaintiff,**

vs.                                     Case No. 3:21cv858-MCR-HTC

**SERGEANT D. BARLOW, ET AL.,**
    **Defendants.**
_____/

## DEFENDANT'S MOTION TO DISMISS

**Defendant Barlow** ("Defendant") moves for Plaintiff's Complaint to be dismissed pursuant to Rule 41(b), F.R.C.P., and allege the following in support thereof:

## STATEMENT OF MATERIAL FACTS

On July 14, 2021, Plaintiff filed a lawsuit pursuant to 42 U.S.C. § 1983. (Doc. 1 at 1) Plaintiff is proceeding on a Second Amended Complaint which was filed November 4, 2022. (Doc. 92 at 1)

Plaintiff is an inmate in the custody of the Florida Department of Corrections (FDC) at Santa Rosa Correctional Institution. (Doc. 92) Plaintiff alleges that he was physically abused by prison officials on December 22, 2017 in violation of the Eighth Amendment and which constituted the torts of Assault and Battery. Id. As

1

relief, Plaintiff seeks $250,000 in compensatory damages and $100,000 in punitive damages from Defendant Barlow. Id. at 12.

In Plaintiff's First Amended Complaint, Plaintiff disclosed a total of two previous lawsuits. (Doc. 5 at 4-6) Plaintiff disclosed one other federal court action involving "the same or similar facts/issues involved in this action," where Plaintiff disclosed a case that had been settled out of the United States District Court for Middle District of Florida Orlando Division, case number 6:15-cv-1089. Id. at 3-4.

Plaintiff disclosed no cases in response to the question requiring disclosure of "other actions . . . in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement" in part C, indicating that the portion was not applicable with "N/A." Id. at 5.

Finally, Plaintiff disclosed one case in response to the question of whether he had ever had "any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service," where Plaintiff disclosed case 6:17cv2010 before the United States District Court for the Middle District of Florida Orlando Division. Id.

In response to Plaintiff's First Amended Complaint, Defendant filed a Motion to Dismiss for failure to disclosure prior litigation history as a result of Plaintiff's

lack of candor to the Court. (Doc. 30) Plaintiff responded to that Motion to Dismiss contending that he was not required to disclose any other cases. (Doc. 44)

Although that Motion was denied, in ruling on Defendant's Motion to Dismiss, the Court noted that:

> As an initial matter, the Court disagrees with Plaintiff that the two state court actions, cases 2018 CA 117 and 2016 CA 2246, did not need to be disclosed. Section IV.C. of the amended complaint form used by Plaintiff specifically asked Plaintiff whether he had filed an action in "either state or federal court that relate to the fact or manner of [his] incarceration (including habeas corpus petitions) or the conditions of [his] confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong). . . Thus, each of those cases dealt with the conditions of Plaintiff's confinement and manner of incarceration. . .

(Doc. 46 at 3-4) Ultimately, the Court declined the dismiss Plaintiff's case as "while this Court has consistently dismissed an action as malicious and abuse of the judicial process for failure to disclose even *one* case, because a dismissal here would be with prejudice and Defendant has not shown Plaintiff's conduct was willful." Id. at 4; Doc. 58.

Following discovery, Plaintiff filed a Motion for leave to file a Second Amended Complaint, which was granted over Defendant's opposition, in order to substitute his John Doe defendants. (Docs. 91, 92, 95, 96) That Second Amended Complaint, despite previous instruction from the Court, still failed to disclose the additional cases. (Doc. 92)

3

**MEMORANDUM OF LAW**

**I.     PLAINTIFF FAILED TO FULLY DISCLOSE HIS LITIGATION HISTORY.**

Plaintiff failed to provide full disclosure of the required information regarding his prior litigation history. Plaintiff failed to disclose two cases in state court in section case 2018 CA 117 in Santa Rosa County challenging close management placement, and case 2016 CA 2246 in Leon County challenging disciplinary action. Notably, Plaintiff failed to disclose all cases that were determined to be meritless by their respective courts. The federal habeas action was dismissed as Plaintiff failed to file a Petition along with his motion seeking an extension of time, presumably to extend the statute of limitations. The Close Management challenge was dismissed for failure to exhaust available administrative remedies. Finally, the disciplinary challenge was dismissed for failure to state a claim, where Plaintiff lost no gain time and therefore lacked the requisite liberty interest to file the challenge. Plaintiff failed to disclose these cases to the Court entirely, and failed to give the required candor to the Court, which must not go unchecked as described below.

Even more egregious is the fact that Plaintiff has been specifically instructed by this Court that those cases were required to be disclosed in ruling on Defendant's previous Motion to Dismiss the First Amended Complaint, with the Court electing not to dismiss Plaintiff's action as Defendant had failed to show that the failure to

4

disclose was willful on Plaintiff's Part. (Doc. 46) Defendant respectfully contends that Plaintiff's continued failure to disclose should be deemed willful at this point, given that he was given the benefit of the doubt by the Court the first time and instructed that these cases should have been disclosed, and has still failed to disclose them. Plaintiff can no longer hide behind his assertions that he believed the cases did not need to be disclosed, as the Court had already stated affirmatively that they did need to be disclosed.

This conduct is considered an abuse of the judicial process. Hood v. Tompkins, 197 F. App'x. 818, 819 (11th Cir. 2006) (unreported opinion). Courts in the Eleventh Circuit that have encountered this issue have repeatedly upheld dismissal for the type of conduct exhibited by the Plaintiff in this case. Id.; Sills v. Marion County Jail, No. 5:10-cv-204-Oc-29GRJ, 2010 WL 2367237 (M.D. Fla. June 13, 2010); Taylor v. Allen, No. 07-0794-CG-M, 2009 WL 1758801 (S.D. Ala. June 16, 2009); Hinson v. Escambia County Sheriff's Dep't, No. 3:09cv112/MCR/EMT, 2009 WL 1606517 (N.D. Fla. May 6, 2009).

This Court in the Tallahassee Division, has recently held inmate litigants to this standard, dismissing a pro se complaint without prejudice for failure to disclose litigation history. See Owens v. Oliver, et al., 2020 WL 6302330, *1 (N.D. Fl. Sept. 23, 2020) *report and recommendation adopted* Owens v. Oliver, et al., 2020 WL 6292884 (Oct. 27, 2020).

As stated by United State Magistrate Judge Miles Davis in Paulcin v. McNeil, No. 3:09cv151/LAC/MD, 2009 WL 2432684, at *3 (N.D. Fla. Aug. 9, 2009),

> The court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, plaintiff falsely responded to a question on the complaint form, as detailed above. Plaintiff knew, from reading the complaint form, that disclosure of all prior actions was required and that dismissal of this action may result from his untruthful answers. If plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Therefore, this court should not allow plaintiff's false responses to go unpunished. The undersigned recommends that an appropriate sanction for plaintiff's abuse of the judicial process in not providing the court with true and complete responses is to dismiss this cause without prejudice. Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions. See, e.g., United States v. Roberts, 308 F.3d 1147 (11th Cir.2002) (inmate convicted of perjury for false statement made on pleading filed in federal court).

See Sills, 2010 WL 2367237, at *3 (finding that "the plaintiff's failure to provide truthful responses on the complaint is an abuse of judicial process" and then dismissing the complaint).

The purpose of the prior actions questions posed on the civil rights complaint form is as noted by Judge Antoon, in Williams v. Wiggins, No. 6:09-cv-943-Orl-28DAB, 2010 WL 4983665, at *2 (M.D. Fla. Dec. 2, 2010):

> The information also helps the court to consider whether the action is

6

>related to or should be considered in connection with another action, or whether a holding in another action affects the current action. Further, since prisoner plaintiffs generally proceed pro se, the information helps the court to determine their litigation experience and familiarity with the legal terrain of the current action.

(quoting Johnson v. Crawson, No. 5:08cv300/RS/EMT, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010).

Equally important is that because prisoner litigation has become a sort of recreational activity for those who have little to lose and everything to gain[1], *pro se* inmate litigants must be held accountable for their actions if they choose to initiate federal civil rights litigation. As noted by Magistrate Judge Elizabeth Timothy,

>If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. *Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants.* Therefore, this court should not allow Plaintiff's false responses to go unpunished.

Johnson v. Crawson, 2010 WL 1380247, at *2 (emphasis added).

Conversely, if a prisoner's failure to abide[2] by the requirements of the federal

---

[1]  See Harris v. Garner, 216 F.3d 970, 991 (11th Cir. 2000) (citing to the Congressional Record and statements by Senators Dole and Kyle).

[2]  Even if the plaintiff *may not have intended to deceive*, because the court relies on the statements and responses submitted, such dishonesty concerning filing history threatens the quality of justice. See Brown v. Overstreet, No. CV 107-113, 2008 WL 282689, at *1 (S.D. Ga. Jan. 30, 2008).

7

courts is promptly and appropriately addressed by the Court word could spread through the prison populations that the federal courts will not tolerate a cavalier attitude even by *pro se* inmate litigants.  Holding the *pro se* inmate litigant responsible for the representations in his pleadings and imposing sanctions with teeth, could promote prisoner respect for the federal courts, lessen the impact on efficiency cited by Magistrate Judge Timothy,[3] through more thoughtful and truthful inmate pleadings and certainly not hurt rehabilitative efforts.

    Rule 11(b), Federal Rules of Civil Procedure requires candor and honesty in submission to the courts.  Rule 41(b), Federal Rules of Civil Procedure, provides for involuntary dismissal under these circumstances.  28 U.S.C. § 1915(e)(2)(B)(i), allows the court to dismiss an action at any time if found to be malicious. Therefore, we would respectfully ask the Court to dismiss this case under Rule 41(b).

---

[3]  See Johnson v. Crawson, 2010 WL 1380247, at *2; see also Cochran v. Gilo, No. 4:07cv425-SPM/AK, 2010 WL 716536, at *1 (N.D. Fla. Feb. 24, 2010) (dismissal as a sanction due to the plaintiff's dishonesty in listing prior federal cases and failure to exhaust); see also Jackson v. Martin, No. 3:09cv270/LC/MD, 2011 WL 833995, at *4 FN 3 (N.D. Fla. Jan. 31, 2011) (noting that dismissal would be appropriate on the grounds that failure to disclose prior litigation is considered *malicious* due to the plaintiff's abuse of judicial process).

## CONCLUSION

Wherefore, for the foregoing reasons, Plaintiff's case should be dismissed as a sanction for failing to provide his full litigation history.

Respectfully Submitted,

**ASHLEY MOODY**
ATTORNEY GENERAL

/s/ Kristen J. Lonergan
Kristen J. Lonergan
Attorney Supervisor-Assistant Attorney General
Florida Bar No.: 125556
Office of the Attorney General
The Capitol, Suite PL-01
Tallahassee, Florida 32399
Telephone: (850) 414-3300
Facsimile: (850) 488-4872
Kristen.Lonergan@myfloridalegal.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed electronically through CM/ECF and served electronically on all counsel of record on December 7, 2022, and sent via U.S. Mail to Ronald R. McPhee, DOC# K60905, Santa Rosa Correctional Institution, 5850 East Milton Road, Milton, Florida 32583-7914, on December 8, 2022.

/s/ Kristen J. Lonergan
Kristen J. Lonergan, Esq.