UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RONALD RAE MCPHEE,

    Plaintiff,

v.                                      Case No. 3:21cv858-MCR-HTC

SERGEANT D. BARLOW, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Before the Court is Sgt. Barlow's motion to dismiss Plaintiff's second amended complaint, ECF Doc. 92, for failure to fully disclose his litigation history. ECF Doc. 98. Plaintiff opposes the motion. ECF Doc. 110. Upon consideration, the undersigned recommends Sgt. Barlow's motion be DENIED. Plaintiff was not required to disclose his prior state actions on the form he used for the second amended complaint. Regardless, the undersigned finds a lack of evidence showing any willful failure to disclose, such as would be necessary to warrant a dismissal with prejudice.

On or about November 10, 2022, Plaintiff sought leave to file a second amended complaint for purposes of identifying the John Doe Defendants. ECF Doc. 91. The Court granted the motion and directed the clerk to docket the second amended complaint. ECF Doc. 96. Rather than answering the second amended

complaint, Sgt. Barlow moved for dismissal because Plaintiff failed to disclose two (2) state court cases relating to the conditions of his confinement: Case No. 2018 CA 117, challenging Plaintiff's placement on close management, and Case No. 2016 CA 2246, challenging a disciplinary action. ECF Doc. 98 at 4. Sgt. Barlow argues Plaintiff's failure to disclose these two cases is willful because Sgt. Barlow previously pointed out Plaintiff's failure to disclose the same two cases when Sgt. Barlow moved to dismiss Plaintiff's first amended complaint.[1] *Id.*

Defendant's motion is not well taken. While Defendant is correct that Plaintiff failed to disclose those cases in his first amended complaint, that complaint form specifically asked Plaintiff to identify any other state or federal actions Plaintiff filed relating to the fact of his incarceration or the conditions of his confinement, and the complaint form Plaintiff used for his second amended complaint ***does not***.[2] Instead, the second amended complaint form asked for the disclosure of only federal cases challenging a conviction or related to the conditions of Plaintiff's confinement.[3] ECF Doc. 92 at 15.

---

[1] As discussed below, the Court denied Sgt. Barlow's prior motion for a lack of showing of willful conduct by Plaintiff. ECF Doc. 46.

[2] This Court has twice amended its civil rights complaint form in recent years, so different versions may still be in circulation in the prisons. Thus, the Court has no reason to believe Plaintiff was picking and choosing which form he wanted to use to avoid disclosure.

[3] The Court notes that Plaintiff disclosed two federal cases, but did so in response to the wrong question. The two federal cases should have been disclosed in response to the question asking whether Plaintiff had filed any other federal action challenging his conviction or confinement, rather than the one asking if he had filed any other federal action arising out of the same facts as those presented here. Defendant, however, has not pointed this error out, and even if he had, the Court would not find the error to be a basis for dismissing the action.

Case No. 3:21cv858-MCR-HTC

Defendant also appears to think that disclosure was necessary because the state cases were determined to be meritless. ECF Doc. 98 at 4. While both the first and second amended complaint forms ask Plaintiff to identify any actions that were dismissed for a reason that counts as a "strike" under the Prison Litigation Reform Act, only *federal* actions count as strikes under 28 U.S.C. § 1915(g). Thus, it is irrelevant for purposes of disclosure whether the state cases were dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(g) (referencing cases filed "in a court of the United States").

Finally, even if the Court were to find that Plaintiff should nonetheless have disclosed those two state cases, there is no evidence any such failure was willful. *See* ECF Doc. 46 at 3 (citing *Hines v. Thomas*, 604 F. App'x 706, 800 (11th Cir. 2015)) (requiring finding of willfulness to dismiss a claim that cannot be refiled because of the statute of limitations). The two complaint forms asked different questions and the fact that Plaintiff did not answer a question that was not asked is not evidence of willful conduct.

Accordingly, it is respectfully RECOMMENDED:

1. That Sgt. Barlow's motion to dismiss, ECF Doc. 98, be DENIED.

2. That Defendant Barlow be directed to file any motion for summary judgment no later than thirty (30) days from the Court's order adopting the Report and Recommendation.

At Pensacola, Florida, this 17th day of January, 2023.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days of the date of this Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1.